## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**CURTIS DRAYTON, # 09299-002**                                    **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:12CV45-DPJ-FKB**

**ARCHIE LONGLEY**                                                  **RESPONDENT**

### ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Curtis Drayton filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. Drayton is presently being held at the Federal Corrections Complex in Yazoo City, Mississippi, and attacks his life sentence for engaging in a continuing criminal enterprise ("CCE"). He seeks to be re-sentenced to twenty years. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

I.     Background

On April 3, 2012, Drayton filed the instant habeas petition challenging one of his sentences handed down from the Middle District of Alabama. He was convicted of (1) engaging in a CCE; (2) distributing cocaine base; (3) three counts of distributing cocaine; and (4) one count of possession with intent to distribute cocaine. *United States v. Drayton*, No. 2:94cr62-MHT-CSC (M.D. Ala. June 12, 1995). The court sentenced Drayton on May 22, 1995, to life imprisonment on the CCE conviction, 240 months on each of the four distribution counts, and life imprisonment on the possession count. *Id.* All sentences run concurrently. *Id.* According

to Drayton, his CCE sentence was enhanced to the mandatory life sentence under 21 U.S.C. §
848(b)[1].

Drayton appealed his convictions, and the Eleventh Circuit affirmed in 1998. *United
States v. Morrow*, 156 F.3d 185 (11th Cir. 1998); *Drayton v. United States*, No. 2:06cv65-MHT,
2006 WL 1528606 at *1 n.2 (M.D. Ala. May, 26, 2006) (citing *Morrow*). In March of 1999,
Drayton filed his first § 2255 petition. Four years later, it was denied. *United States v. Drayton*,
No. 2:94cr62-MHT-CSC (M.D. Ala. July 16, 2003). Between September 3, 2004 and October
28, 2011, Drayton filed several successive § 2255 petitions. *In Re: Drayton*, No. 11-15038 (11th
Cir. Nov. 14, 2011); *In Re: Drayton*, No. 11-13498-G (11th Cir. Aug. 22, 2011); *In Re: Drayton*,
No. 10-12036-G (11th Cir. May 28, 2010); *Drayton v. United States*, No. 2:06cv65-MHT, 2006
WL 1528606 at *3 (M.D. Ala. May, 26, 2006) (discussing first three and dismissing third). He
was denied leave to file these successive writs.

Petitioner now argues that he is actually innocent of the sentence enhancement because
he was not the leader of five people.[2] Specifically, he maintains that he only "fronted" cocaine

---

[1]"Any person who engages in a continuing criminal enterprise shall be sentenced to a
term of imprisonment which may not be less than 20 years and which may be up to life
imprisonment. . . ." 21 U.S.C. § 848(a). "Any person who engages in a continuing criminal
enterprise shall be imprisoned for life . . . if–such person is the principal administrator, organizer,
or leader of the enterprise or is one of several such principal administrators, organizers, or
leaders; and " satisfies certain drug quantity or value amounts. 21 U.S.C. § 848(b).

[2]The five people requirement appears in the substantive offense:

[A] person is engaged in a continuing criminal enterprise if–
        (1) he violates any provision of this title or title III the punishment for
which is a felony, and
        (2) such violation is a part of a continuing series of violations of this title
or title III–
                (A) which are undertaken by such person in concert with five or

2

to two of the five dealers evidenced at trial.  This, he argues, does not constitute leading those two in the sale of cocaine.  Drayton asks the Court to vacate his sentence and direct the Middle District of Alabama to re-sentence him to the statutory minimum twenty years.

II.    Discussion

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255.  *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Drayton's claim that he was improperly sentenced does not challenge the execution of his federal sentence but instead attacks the validity of that sentence.  Since the alleged constitutional violation regarding his enhanced kingpin classification "occurred at or prior to sentencing," it is not properly pursued in a § 2241 petition.

An exception to this rule exists, however, under the savings clause of § 2255.  "[I]f the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
            (B) from which such person obtains substantial income or resources.

28 U.S.C. § 848(c).

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively
> applicable Supreme Court decision which establishes that the petitioner may have
> been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law
> at the time when the claim should have been raised in the petitioner's trial, appeal,
> or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Drayton bears the burden of

demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his

detention.  *Id.* at 901.

Drayton attempts to invoke the savings clause by arguing that he is actually innocence of

the factual predicate for the enhancement.  But the Fifth Circuit has consistently disallowed

sentence enhancement claims under § 2255's savings clause.  *Bradford v. Tamez*, 660 F.3d 226,

230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v.

Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000).  A "claim of actual innocence of a[n] . . .

enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type

of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230.  Thus, he fails the first

prong of the *Reyes-Requena* test.  *Padilla*, 416 F.3d at 427.

Additionally, even if Drayton is challenging the CCE conviction itself, he fails the first

prong, because he does not rely on any Supreme Court authority to establish his actual

innocence.  In fact, he does not address this issue at all in his Petition.  Rather, he relies on an

Eleventh Circuit decision to establish his claim.  *See United States v. Witek*, 61 F.3d 819 (11th

Cir. 1995).

Finally, Drayton fails the second prong of *Reyes-Requena*.  That is, he has not established

that his claim was "foreclosed by circuit law" at the time when the claim should have been raised

at trial, on appeal, or in the first § 2255 petition.  First, he does not point to any Eleventh Circuit

4

law that ever prohibited such a claim.  Second, the case he does rely on to establish his claim

was decided at the time of his direct appeal and subsequent § 2255 petitions.

III.     Conclusion

Since Drayton's claim does not meet the stringent requirements of the savings clause, he

will not be allowed to proceed with this action for habeas corpus relief pursuant to Section 2241.

Accordingly, Drayton's claims are not properly pursued under Section 2241, and the

Petition for habeas relief shall be dismissed as frivolous.  Further, to the extent the Petition can

be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction.[3]  *Pack*, 218

F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

this cause should be and is hereby **DISMISSED**.  A separate final judgment shall issue pursuant

to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Transfer of Drayton's Section 2255 petition to the Court of Appeals for the Eleventh Circuit (assuming the petition can be construed as a Section 2255 motion) would not be appropriate here, given Drayton's lack of success in prior Section 2255 motions he filed in that Circuit.  *See Dudley v. Hastings*, 79 F. App'x 728, 729 (5th Cir. 2003) (holding that district court did not abuse discretion in failing to transfer given defendant's previously filed motions under § 2255) (citing *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)) (additional citations omitted); *Mays v. Yusuff*, No. 99-60518, 214 F.3d 1350, at *2 (5th Cir. May 3, 2000) (table decision).